By the Court:
The vendor’s lion for purchase money is founded upon an implied trust between the vendor and purchaser. The purchaser is held in equity to be the trustee *of the vendor, receiving the contract or conveyance to hold it for the use of the vendor, until the purchase money is paid. The trust attaches to the land, and follows it into the hands of a subsequent purchaser with notice, upon the-universally received doctrine that he who purchases a trust property, with notice of the trust, is bound by it. But this trust does not and can not attach to notes given for the purchase money. It is an equiety between the vendor and vendee, which the notes can not affect, but which exists in the same character, whether a note be given or not. . This equity arises to the vendor for his own safety, but it can not be transferred to another. No law has made it the subject of conveyance or assignment. It can not follow the notes, because the assignee takes in them a legal interest, and the-assignment does not purport to transfer and could not transfer an equity existing independent of them. The notes for purchase-money are evidences of debt without any reference to the consideration for which they were given ; the vendor’s lien is a substantive right, distinct and separate from the notes. The vendor may unite them by keeping the notes in his own hands; but he can not transfer both to his assignee of the notes, neither at law nor in equity. A majority of the court are of opinion that the complainant can claim nothing upon the ground of Elliot’s lien for purchase money.
*321 Jackman’s judgment did not attach as a lien upon Decker’s •equitable interest in the land. This court have so decided in the case of Roads v. J. C. Symmes and Stanberry at this term.
An execution issued by a justice of the peace can not be levied upon lands; it follows as a necessary consequence that a judgment upon a justice’s docket can not attach a lien upon real estate. The ■proceedings upon sci. fa. is not to have a new judgment, but an execution of a particular character. Upon this sci. fa. no judgment is rendered; execution only is awarded as prayed for in the writ. This award of execution can not attach a lien upon land before levy, which is only effected by a judgment for money. It gives a now capacity to the justice’s judgment, but no. new effect. In such case, lands, like chattels, are bound from the levy and not before.
On the first point Judge Burnet dissented.