Sutlirf, J.
The defendants in the case derive their rights as lienholders under the “ act to create a lien in favor of mechanics and others in certain cases,” passed March 11, 1843, and the amendment thereto of March 25, 1851, 2 Curwen Stat. 964, 1666.
The act of 1843 seems to have substantially followed that of the State of Pennsylvania upon the same subject, as revised by their legislature in 1836. That State seems to have originated their beneficent statute in a spirit of kindness toward the operative, and by a series of local statutes, originating with the act of 1784, in favor of shipbuilders at Philadelphia ; but the defects of prior acts were not fully removed until the revised act of 1836. In that State it had, previously to 1840, been frequently decided that the builder’s lien given by their statute was one which, without reference, as a general rule, to the particular estate of the person in possession, bound the fee simple in the land. But by an act of the legislature of that State, in 1840, those decisions were swept away, and the lien restricted to the estate of the person in possession at the commencement of the building.
Our act having been passed subsequent to this legislative construction, by ■ that State, of their mechanics’ lien act of 1836, has received the same construction judicially, in this :State, as the legislative construction so given by that State.
The lien acquired under our act of 1843, must, therefore, necessarily be subject or subordinate to all existing liens at the time of its accruing.
It was held by the supreme court of this State, at the December term, 1826, that the vendor has a lien upon the lands sold for the purchase money, although personal security may have been given for the payment; and that such a lien of the vendor, where the legal title remained in the vendor, would pass to the devisee of the debt, so due, as purchase money, Tiernan v. Beam and others, 2 Ohio Rep. 383. This case doubtless .expresses the true extent to which the vendor’s *67 equity passes, as an incident with the debt, for its security, into the hands of a third person. And although it may be difficult to reconcile the ease with the previous holding of the same court (Jackman v. Halleck, 1 Ohio Rep. 318), it seems to rest upon undoubted general principles of equity. The vendor having contracted to sell the land, and to convey the same to the vendee upon receiving the purchase money, he has the right to retain the title until the vendee shall have paid the same. And the vendor may properly be said to hold the title in trust for the vendee, upon condition of his so paying the purchase money, according to the terms of their contract. Nor can it, in reason or law, make any difference that the amount of the purchase ■ money, to be paid by the vendee, is expressed by promissory notes, instead of by the contract between the parties, so long as the title remains in the vendor. Whether the notes be transferred by the vendor in his lifetime, or to his devisee by will; in neither case would the vendee or his assignee seem to be entitled to a conveyance of the title, until payment of the purchase money. And in such cases, doubtless, the vendor in his lifetime, and his executor in case of the devisee, would continue to hold the title for the same purposes, and on the same condition, in trust, as before held by the vendor.
But where the vendor, previous to receiving the purchase money, instead of retaining the title until full payment, conveys the land to the vendee, the case is quite different, in regard to third persons. As between the vendor and vendee, the vendor has only a lion upon the land for the unpaid purchase money. And in such a case the lien continues until payment, or release, although the vendor may, subsequently to its inception, have taken a mortgage upon the premises from the vendee to secure the same debt. See Boos v. Ewing et al., 17 Ohio Rep. 500.
But this lien of the vendor being a personal, right does not attach, and pass with the claim, as an incident, when sold and assigned by the vendor. And under this admitted rule of law, it is insisted, in this ease, that the plaintiff did not acquire the vendor’s lien by the transfer to him of the notes and mort *68 gage; but only acquired a mortgage lien, by virtue of the tranfer of the notes and mortgage to him by the payees and mortgagees of the same. In such case, although, at the inception of the mechanics’ lien accruing prior to the 5th of October, 1855, the liens only rested upon the interest of Kinney and Burnell, acquired by their contract of purchase, and were clearly subject to the prior vendor’s lien, yet if the ven dor’s lien were lost by the transfer of the note and mortgage, as between the plaintiff’s and the mechanics’ liens, from the 5th of October, 1855, until November 1, 1855, the time of recording the mortgage, the mechanics’ liens so having then accrued and resting upon all the estate of Kinney and Burnell, who so received the fee of the land on the 5th of October, would be the only liens; and the mortgage not taking effect until delivered for record (November 1,1855), it would follow that the plaintiff’s lien upon the lots, for the payment of said notes, being only by force of the mortgage, commencing at the time of its delivery for record, was subsequent and subject to the mechanics’ liens.
The only question therefore to be settled, in order to determine whether the plaintiff’s lien is, or is not, superior to the mechanics’ liens, is, was or was not the plaintiff, under the facts of the case, entitled to the vendor’s lien upon the lot.
What, then, is a vendor’s lien, its nature and extent as applicable to this case ? A lien is, strictly speaking, said to be, neither a jus in re, nor a jus ad rem, but simply the right to possess and retain property'until some charge, justly attaching to it, is paid or discharged. The vendor’s lien upon the land sold, for the purchase money, is an equitable right arising from a constructive trust, and is independent of the possession of the land to which the lien attaches as an incumbrance; and the same maybe enforced in courts of equity by a sale of the land.
The doctrine is thus expressed by Sugden (Ch. 18, sec. 1): “ Where a vendor delivers possession of an estate to a purchaser, without receiving the purchase money, equity, whether the estate be, or be not conveyed, and although there was not *69 any special agreement for that purpose, and whether the estate be freehold or copyhold, gives the vendor a lien on the lana for the money.”
Upon these principles, courts of equity have always pro ceeded to establish this lien in the nature of a trust; holding that a person who has obtained the estate of another, ought not to be allowed to retain it without paying therefor the consideration money. The vendee, therefore, having so obtained the estate, becomes a trustee for the vendor to the full extent of his unpaid purchase money, until such lien be discharged or released.
How, then, stand the parties in this case with respect to the vendor’s lien for the purchase money?
It is conceded that in September, 1854, William Neil had purchased and paid for inlot No. 441, and that Robert Neil and Jane Neil thereafter held the same in trust for him; and that they, in the execution of such trust, bargained and sold, and finally conveyed the lot for him and at his request to Kinney and Burnell. Upon receiving their deed, on the 5th of October, 1855, it is evident that the grantees, to the extent of the unpaid purchase money, held the same in trust for the vendor to whom such purchase money remained unpaid. The only question, then, remaining is, to whom did the lot and purchase money belong ? It is said by the defendants that they must necessarily be regarded as belonging to Robert and Jane Neil, who had conveyed, and to whom the notes had been given for the purchase money. True, they held the legal title to the land, and were the payees of the notes; but their relation to the property sold, we apprehend, under this state of facts, differed in nothing from that of a guardian, who might have sold, in the execution of his fiduciary trust, the lands of his ward, and received notes for the purchase money payable to himself, after conveyance made to the vendee; and who had delivered the notes to his ward upon his arriving at the age of majority. The lien being merely an equitable right, would necessarily arise in favor of the party to whom the property, the land and its price in equity belonged.
No objection to the execution of the trust by Robert Neil or *70 Jane his wife, was made in the ease, and the trust has, on theii part, been fully executed. Their acts, in selling and conveying the lot, and receiving the notes and mortgage, and transferring the same to William Neil, must, therefore, be regarded as the mere acts of trustees or agents for their principal, William Neil, the real owner in equity.
It is insisted, by counsel, in favor of the mechanics’ liens, that the record does not show that they had any notice of the state of the title, and that by reason of this fact, and the transfer of the notes to the plaintiff, they thereby acquired a priority to the plaintiff’s right to enforce his lien for the purchase money. It is true the record does not show any actual notice; and for that reason and the fact that they do not pretend to have known of the execution of the deed until after the recording of the mortgage, it does not appear that those whose liens originated after the execution of the deed and before the record of the mortgage, were thereby at all prejudiced. It does not appear, therefore, that by the act of giving the deed, the mechanics were thereby misled to give mistaken confidence to the title, and induced to regard the vendor’s lien as discharged, by reason of the mortgage having not been then taken and put on record. No such question is presented by the record; and for that reason it is unnecessary for us here to express any opinion upon such a state of facts.
The equitable right of the vendor’s lien must, therefore, under the existing state of facts, be regarded as having, from its inception at the time of the sale, belonged to William Neil; and as still remaining in full force.
We, therefore, think that the court of common pleas erred in holding that the plaintiff’s lien for the amount of the judgment for the purchase money was not superior to the mechanics’ liens. And for this cause the judgment of that court must be reversed; and judgment will be entered in this court accordingly.
Brinkerhoff, C.J., and Scott, Peck, and Gholson, JJ., concurred.